DERONG, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*September 13—October 11, 1932.*

*Adolph G. Schwefel* of Milwaukee, for the appellant.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents William Beer and Globe Indemnity Company there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe* and *William J. Geenen* of counsel, all of Milwaukee, and oral argument by *Mr. Geenen.*

FRITZ, J.   Charles Derong, Jr., was fatally injured on January 27, 1931, while pursuing his employment.   Plaintiff, as the surviving parent, claims the death benefit provided for by sec. 102.09 (4a), Stats. 1929, which so far as here material provides:

"(4a) If the deceased employee leaves no one wholly dependent upon him for support, partial dependency and death benefits therefor shall be as follows:

"(a) An unestranged surviving parent or parents, residing within any of the states or District of Columbia of the

United States, shall receive a death benefit of twelve hundred dollars."

The death benefit was denied to plaintiff by the Industrial Commission, which found "that the applicant and his son had become estranged prior to the time of his son's death; . . . that there had been a turning from the original feeling of attachment to one of at least indifference on the part of the father, and probably active enmity on the part of the son, as indicated by statements that he and his father could not agree and that he wanted nothing to do with his family." A review of the record discloses that there was ample credible evidence to sustain those findings, and consequently they cannot be set aside. Although the evidence does not establish the existence of illwill, hatred, animosity, or malevolence between the parent and his son, it well establishes that for the last twenty years there had existed a definite severance of kindly, friendly, or affectionate relations between them. They had voluntarily become indifferent and distant toward each other. Neither was concerned about or contributed to the welfare or sustenance of the other. There was such a definite severance of friendliness and friendly relations between them that it would be wholly foreign to the underlying theory and purposes of the compensation act to consider the surviving parent under such circumstances an intended beneficiary, as an unestranged parent, under sub. (4a) (a) of sec. 102.09, Stats. 1929.

After plaintiff's appeal to this court, it was contended on his behalf, for the first time, that the commission's findings were not determinative of his rights because he was not given an opportunity to appear in person or by counsel before the members of the commission when they reviewed and took under consideration the testimony taken in this matter at a hearing conducted in the customary manner before an examiner, duly appointed by the commission

under sec. 101.10 (1) and (1a), Stats. The latter subsection expressly provides, "any examiner appointed thereby, may hold hearings and take testimony." The record establishes that plaintiff had been duly notified by a notice dated March 19, 1931, of the time and place of a hearing to determine whether plaintiff was entitled to a death benefit; that plaintiff then and there appeared in person and testified; and that a copy of the commission's findings dated April 16, 1931, was sent to plaintiff on that date. Plaintiff never requested any further opportunity to be heard by the commission. His complaint upon commencing this action in the circuit court does not complain or charge that the commission proceeded unlawfully or without jurisdiction. On the contrary, plaintiff's allegations are that the commission's proceedings on April 16, 1931, "were had pursuant to secs. 102.03 to 102.35, Stats." Plaintiff never contended in the circuit court proceedings that the commission's proceedings were irregular because he was not permitted to appear in person or by counsel before the commission. Under those circumstances it may be sufficient to say that that question cannot be raised for the first time on this appeal. His failure to raise that question as to a mere matter of procedure at the earliest opportunity might be said to constitute a waiver of his right in that respect. *Hayes v. Hoffman,* 192 Wis. 63, 211 N. W. 271; *Michel v. McKenna,* 199 Wis. 608, 227 N. W. 396; *MacKenzie v. Kutz,* 205 Wis. 1, 236 N. W. 589. However, there was no failure on the part of the commission to comply with the workmen's compensation act in any respect. The entire proceedings on the part of the Industrial Commission were in accordance with the practice adopted and pursued by the commission ever since the original enactment of the workmen's compensation act, and, in view of the practical interpretation in that respect which had been given the statute during all of that period

with apparently universal acquiescence, there is no occasion for now holding that any right of plaintiff has been disregarded or impaired. Furthermore, plaintiff, after seeking to recover benefits which exist (if at all, in his favor) solely by virtue of the compensation act, is not in position to attack the procedural provisions which are part of the very statute upon which he relies. *Booth Fisheries Co. v. Industrial Comm.* 185 Wis. 127, 133, 200 N. W. 775.

*By the Court.*—Judgment affirmed.