AEM, INC., t/a S. Groome Eareckson,
Appellant,

v.

Ida H. ECKE, deceased, and District Un-
employment Compensation Board,
Appellees.

No. 14308.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 15, 1959.

Decided Oct. 22, 1959.

Mr. Milton M. Burke, Washington, D.
C., for appellant.

Mr. Louis Mackall, Jr., Washington,
D. C., with whom Messrs. Joseph Notes
and John A. Weil, Washington, D. C.,
were on the brief, for appellee District
Unemployment Compensation Board.

Before WASHINGTON, DANAHER and
BURGER, Circuit Judges.

DANAHER, Circuit Judge.

The District Unemployment Compen-
sation Board awarded benefits to one
Ida H. Ecke but ruled that since she
had voluntarily quit her employment
without good cause, she was subject to a
penalty as to the period from June 12,
1955 through July 16, 1955. She ap-
pealed from so much of the order as re-
duced her maximum entitlement by the
amount of $150. Her employer, AEM,
Inc., cross appealed, asserting that its
reserve account might not lawfully be
charged at all. The Board answered
asking the District Court for affirmance.
All parties sought summary judgment,
and the District Court granted the
Board's motion. Mrs. Ecke and her em-
ployer then appealed to this court, but
because of her intervening death, her
appeal is no longer before us. Remain-
ing is the employer's cross appeal chal-
lenging the District Court's judgment
for the Board.

Mrs. Ecke, a seamstress, for some
years had been employed by AEM, Inc.
on a call basis. Her employer, engaged
in repairing and servicing rugs, had laid
her off about May 30, 1955 because of

insufficient work. Early in June, 1955, she filed a claim for unemployment benefits but shortly thereafter was recalled for further work. She continued her casual employment, as needed, until June 16, 1955, when it was announced by the employer that the business henceforward was to be conducted on an open shop basis. Mrs. Ecke had been a member of her union for some eight years. Rather than jeopardize her union membership including her status as to seniority rights, priority opportunity for specialized employment, insurance and other union benefits, Mrs. Ecke quit the job.

D.C.Code § 46–310(a) (Supp. VII, 1959) provides in pertinent part:

> "(a) An individual who has left his most recent work voluntarily without good cause * * * shall not be eligible for benefits with respect to the week in which such leaving occurred and with respect to not less than four nor more than nine consecutive weeks of unemployment which immediately follow such week, *as determined by the Board* in such case *according to the seriousness of the case.* In addition such individual's total benefit amount shall be reduced in a sum equal to the number of weeks of disqualification multiplied by the weekly benefit amount." (Emphasis supplied.)

The Board ruled that a sufficient penalty to be imposed because of Mrs. Ecke's voluntary relinquishment of her employment lay in disqualifying her from receiving benefits from June 12 through July 16, 1955. Based upon the record of her earnings, the Board decided that her maximum entitlement to benefits was to be reduced by the sum of $150.

■ Record evidence discloses that there were few, not more than seven employers who might have need for a rug steamstress to be employed upon a call basis as was Mrs. Ecke. The Board found that Mrs. Ecke had reasonably and actively sought work and that as of August 5, 1955, she was eligible for unemployment benefits.

D.C.Code § 46–312(a) (1951) provides that appeal having been taken, in the absence of fraud the findings of the Board shall be conclusive *"if supported by evidence * * *."* (Emphasis supplied.) There is evidence to support the Board's findings as pertinently recited.

■ But, the employer insists, once the finding had been made of ineligibility to benefits because of her having voluntarily quit her employment, she could not lawfully become entitled thereafter to benefits. The Board's findings justifying a penalty on the one hand and a restoration of eligibility on the other are inconsistent and may not be sustained, it is urged. We do not agree.

The Code by Section 310(a), supra, entrusted to the discretion of the Board the extent of the penalty to be suffered when the employee had left her most recent work voluntarily and without good cause, subject only to the limitation that the period of ineligibility shall be "not less than four nor more than nine consecutive weeks of unemployment."

D.C.Code § 46–310(c) (Supp. VII, 1959) provides that if an individual otherwise eligible for benefits *"fails,* without good cause as determined by the Board * * * to apply *for new work found by the Board to be suitable * * *"* (emphasis added), a penalty may be imposed such as is provided in Section 310 (a), supra. Here, however, Mrs. Ecke did not so fail, the Board found. On the contrary, it found that she was "available for work" within the meaning of Section 46–309(d), and that she actively and reasonably sought suitable work. The statute does not make it a condition of entitlement to benefits that Mrs. Ecke be required to return to work for this employer. Her rights did not depend upon her being frozen for an indefinite period into employment by AEM, Inc., subject to call at its option and on its terms.

The judgment of the District Court is Affirmed.