SHAWLEY, Appellant, v. INDUSTRIAL COMMISSION and others, Respondents.*

*March 9—May 4, 1962.*

* Motion for rehearing denied, without costs, on June 29, 1962, WILKIE, J., taking no part.

536

538

For the appellant there were briefs and oral argument by *Robert J. Jenkins* of La Crosse.

For the respondent Industrial Commission the cause was argued by *Beatrice Lampert,* assistant attorney general, with whom on the brief were *John W. Reynolds,* attorney general, and *Mortimer Levitan,* assistant attorney general.

CURRIE, J. Two issues are presented on this appeal:

(1) Does the evidence sustain the finding that Shawley's back complaints and disability are not due to the injury of September 17, 1956, or to his employment by defendant Modern Clean-Up Service?

(2) Was there a denial of due process because of the fact that material medical testimony was given before Examiner Retelle and neither Examiner Martin nor the commission had the benefit of Examiner Retelle's participation in making their respective findings and orders?

*Sustaining Evidence.*

In passing on the issue of whether the evidence sustains a finding of the commission made in a workmen's compensation proceeding, the test is whether there is credible evidence which, if unexplained, would support the finding. *Hills Dry Goods Co. v. Industrial Comm.* (1935), 217 Wis. 76, 85, 258 N. W. 336; *St. Mary's Congregation v. Industrial Comm.* (1953), 265 Wis. 525, 531, 62 N. W. (2d) 19; *Wagner v. Industrial Comm.* (1956), 273 Wis. 553, 565, 79 N. W. (2d) 264, 80 N. W. (2d) 456. We deem that the testimony given by Dr. Wirka at the second hearing meets this test and sustains the finding that Shawley's present back condition and disability are not due to either the injury of September 17, 1956, or his employment by defendant employer.

Dr. Wirka is a physician and surgeon associated with the University Hospitals as an orthopedic specialist. He first saw Shawley on May 21, 1958, when the latter was a patient at this hospital. Dr. Wirka examined Shawley again

about October 1, 1959. X rays were taken on both occasions which disclosed a degenerative arthritis of the spine; and Dr. Wirka testified that the 1959 X rays showed an advance in the disease since the taking of the 1958 X rays. Dr. Wirka was also shown an X ray of Shawley's spine taken April 18, 1957, and expressed the opinion that it disclosed a degeneration of the third and fourth intervertebral space with a settling backward of the third lumbar on the fourth, with a lipping of the third and fourth lumbar vertebrae, and a spurring of the first lumbar vertebra. In the course of his further testimony he was asked these questions and responded as follows:

"*Q*. Now, based upon your examination of the patient, physical findings, the X-ray findings, do you have an opinion in the realm of reasonable medical probability as to the relationship of the back complaints to the injury of September 17, 1956? *A*. I don't think there was any relationship. I think if the story is correct that the history of back pain came on later, I don't think that there's any relationship. If the story is correct that the back pain came on at that time, then I think the most that you can say is that this man had a temporary aggravation of a pre-existing disease which was going to get worse in spite of what he did.

"*Q*. Now, assuming the second alternative that you offer, is it your opinion that at the time of the examination in 1958, if he had such a temporary aggravation that that aggravation had disappeared at that time? *A*. Yes, sir. I think so.

"*Q*. And that it was no longer a factor nor had any relationship to his degenerative condition at that stage? *A*. Yes, sir.

"*Q*. Is it your opinion, Doctor, that his complaints are directly a result of the degenerative disease? *A*. I think they're directly the result of his degenerative arthritis."

This testimony wholly rebuts the contention advanced by Shawley's counsel that Dr. Wirka's opinion is grounded upon an incorrect history which ignored Shawley's testimony

that he had immediately experienced back pain at the time of the accident.

Shawley and his co-workers testified that prior to the accident of September 17, 1956, he had experienced no back disability and was able to do the heavy work required by his employment. The two Mayo Clinic physicians, Drs. Bianco and McCarty, who had examined Shawley in the summer of 1958, expressed the opinion that Shawley's degenerative arthritis of the spine was aggravated by the accident of September 17, 1956, and by the heavy lifting required by his employment. Both of these physicians testified that, in their opinion, Shawley is totally disabled for manual labor requiring lifting.

There can be no question that there was adequate medical testimony which would have supported a finding that either the injury of September 17, 1956, or Shawley's employment by defendant employer, aggravated the degenerative arthritis and rendered it permanently disabling. However, as we have previously pointed out, that is not the issue. All that must be found is unexplained credible evidence supporting the finding. With respect to this issue, this is a mine-run workmen's compensation case where the medical testimony is in sharp conflict. Therefore, a finding either way by the commission is conclusive on a reviewing court. *A. D. Thomson & Co. v. Industrial Comm.* (1928), 194 Wis. 600, 602, 217 N. W. 327; *Unruh v. Industrial Comm.* (1959), 8 Wis. (2d) 394, 399, 99 N. W. (2d) 182.

### Due Process:

Shawley contends that there was a denial of due process. Examiner Retelle conducted the first hearing at which the two physicians from the Mayo Clinic testified favorably to plaintiff. However, he did not participate in the second hearing where Dr. Wirka testified or in the decision. Where credibility of witnesses is at issue, it is a denial of due proc-

ess if the administrative agency making a fact determination does not have the benefit of the findings, conclusions, and impressions of the testimony of each hearing officer who conducted any part of the hearing. *Wright v. Industrial Comm.* (1960), 10 Wis. (2d) 653, 103 N. W. (2d) 531; *Crow v. Industrial Comm.* (1943), 104 Utah 333, 140 Pac. (2d) 321, 148 A. L. R. 316; *S. Buchsbaum & Co. v. Federal Trade Comm.* (7th Cir. 1946), 153 Fed. (2d) 85. See also 2 Davis, Administrative Law Treatise, p. 113, sec. 11.18.

The attorney general contends that Shawley's due-process rights have not been violated and advances two reasons why this court should not reverse and remand on this issue. He contends that there was no denial of due process: (1) Because Examiner Martin and the commission had the benefit of Examiner Retelle's notes summarizing the medical testimony at the first hearing; and (2) because the applicant did not advance the due-process issue in his petition to the commission asking review and reversal of Examiner Martin's findings and order. In support of the second reason the attorney general cites *Derong v. Industrial Comm.* (1932), 209 Wis. 88, 244 N. W. 591.

We do not consider that the availability of Examiner Retelle's notes, summarizing the testimony of the medical witnesses who appeared before him, is sufficient to meet the test of due process. This is because these notes do not embody Examiner Retelle's conclusions with respect to the personal impression the witnesses made upon him. Such conclusions might play a very material part in determining the weight to be given to the testimony of the two Mayo physicians as opposed to the testimony of Dr. Wirka, whose appearance was fresh in the mind of Examiner Martin at the time he made his original findings and order. We do not deem it good policy on the part of this court to hold that the constitutional issue of due process was waived by appli-

cant in not raising it before the commission in applicant's petition for review. While administrative agencies possessing lay members should be conversant with statutory procedural requirements, they do not possess the qualifications of the judicial branch to pass on a constitutional issue of the nature here presented. Had the due-process issue not been raised in the circuit court, however, we would deem it effectively waived as far as this court is concerned.

*By the Court.*—Judgment reversed, with directions to set aside the findings and order of the commission and to remand the cause for further proceedings not inconsistent with this opinion.