Mariann L. HILL, Petitioner,

v.

DISTRICT OF COLUMBIA UNEMPLOY-
MENT COMPENSATION BOARD,
Respondent.

No. 5477.

District of Columbia Court of Appeals.

Submitted June 8, 1971.

Decided July 14, 1971.

Mariann L. Hill, pro se.

George A. Ross and Russell L. Carter, Washington, D. C., for respondent.

Before PAIR and YEAGLEY, Associate Judges, and CAYTON, Chief Judge, Retired.

PAIR, Associate Judge:

On February 20, 1970, petitioner resigned from her employment in the District of Columbia Government and, with her husband who had recently been discharged from military service, moved to the State of Illinois.

Pursuant to regulations governing the payment of unemployment benefits to interstate claimants,[1] petitioner, on March 2, 1970, filed with the Employment Security Administration, Chicago, Illinois, an inter-

1. Regulation VI of the Rules and Regulations of the District of Columbia Unemployment Compensation Board.

state claim for employment benefits against the District of Columbia Unemployment Compensation Board (hereinafter referred to as the "Board").

Upon consideration of the interstate claim, a claims deputy, on March 31, 1970, determined that petitioner had not been "available" for work and was therefore ineligible for unemployment compensation for an indefinite period commencing March 1, 1970.

Petitioner appealed this determination and, on May 1, 1970, was given a hearing before an Illinois hearing referee. The claim record and the transcribed testimony of the petitioner were then forwarded to the Board for appropriate disposition. Upon consideration of the administrative record, the Board's Appeals Examiner, to whom the matter was referred for review, made findings of fact upon the basis of which he affirmed on May 18, 1970, the decision of the claims deputy that petitioner had not established eligibility for unemployment benefits.[2]

Advised of the decision and that it would become final ten days thereafter, petitioner on May 27, 1970, appealed to the Board setting out her disagreement with the Appeals Examiner's findings of fact and conclusions of law and affirmatively stating that she was "available"[3] for work and had conducted an active search for it. The Board on June 9, 1970,

> RESOLVED: That the decision of the Appeals Examiner dated May 18, 1970, in the above entitled case, be affirmed. The Board having fully considered the facts as shown by the data and statements contained in the record of said claim, is of the opinion that no further hearing of the appeal is justified.

On this petition for judicial review, petitioner's principal contention is that the Board's resolution, disposing of her appeal is not supported by substantial evidence in the record.[4]

The Board concedes that because of a defect in the mechanical recorder employed at the hearing the testimony could not be fully transcribed, but contends, nevertheless, that the "relevant portions" of the testimony were transcribed; and that such testimony, together with the documentary evidence, afforded the Appeals Examiner a sufficient record upon which to base his decision. The Board insists therefore that its affirmance of the Appeals Examiner's decision was based upon substantial evidence.

■ After careful consideration of the transcript of the testimony and the documentary evidence, we are compelled to conclude that no meaningful judicial review of the Board's decision can be conducted on this record.

The record consists of (1) numerous standard forms, some containing illegible cryptic notes and others bearing neither the signature of the petitioner nor an agency official, and (2) a transcript of the recorded testimony from which it appears that "crucial questions" necessary to the determination of "availability" were asked of petitioner; and, although it is clear that she gave answers, in many instances the answers were not transcribed.

But more than this, there is a noticeable failure by the Board to adhere to the statutory provisions which govern its administrative procedure.[5] With respect to the il-

---

2. Although it does not appear that the Board made the initial determination as to eligibility required by D.C.Code 1967, § 46–310, and the Board's Regulation III A, counsel for the Board conceded, in open court, petitioner's eligibility under that section of the Act.

3. D.C.Code 1967, § 46–309(d).

4. The testimony taken at the hearing was mechanically recorded and presumably was intended to provide a basis for administrative and judicial review.

5. D.C.Code 1967, § 1–1509(d) (e) (Supp. IV, 1971), and § 46–311(f).

legible cryptic notes on certain of the exhibits, we are not only unable to decipher them but find it difficult to see how anyone, other than the person who made the notes, could cull from such notes sufficient information to form the basis for any considered judgment as to availability.

We were faced with a similar problem in Allentuck v. District of Columbia Min. W. & I. Safe. Bd., D.C.App., 261 A.2d 826 (1969), and this court, in disposing of it, said at 833:

> * * * [M]eaningful review of [the] * * * Board action requires sufficiently detailed findings of fact to enable the court to know what testimony, statements, and documents were considered relevant and persuasive * * *. Such basic findings may then be support for the ultimate facts found. Also, to the extent that agency policy or other relevant considerations are involved, findings must be made to support those determinations.

*See also* and *compare* Nation-Wide Check Corp. v. Banks, D.C.App., 260 A.2d 367–369 (1969).

Here the Board in its resolution of June 9, 1970, failed (1) to state specifically whether it adopted the Appeals Examiner's findings of fact, and (2) to render a proposed decision before its final order as required by D.C.Code 1967, § 1–1509(d) (e) (Supp. IV, 1971).

Commenting on the above section of the Code in Woodridge Nursery School v. Jessup, D.C.App., 269 A.2d 199 (1970), it was said at 202:

> * * * Such a procedure prevents the appeal, to those who are to make the final decision, from being a pro forma appeal whereby those who make the final decision merely "rubber stamp" the appeals examiner's decision.

6. The transcript of a hearing held June 26, 1970, was included in the record before us, but was not considered in this opinion since we were in search of the evidence which supported the Board's resolution of June 9, 1970.

■ The unnecessary problem, created by the Board's failure to adhere to the statutory provisions governing its functions, leaves this court to interpret illegible cryptic notes and to speculate as to the answers omitted in the transcribed testimony. We hold therefore that findings of fact, conclusions of law and reasoned application of an agency's policy, if any, must be clearly reflected in an administrative agency's decision where further administrative or judicial review is provided by statute. As the Supreme Court said in United States v. Chicago, M., St. P. & P. R. Co., 294 U.S. 499, at 511, 55 S.Ct. 462, at 467, 79 L.Ed. 1023 (1935):

> * * * We must know what a decision means before the duty becomes ours to say whether it is right or wrong.

Accordingly, we take no position as to the merits of this appeal and, retaining jurisdiction, remand the record[6] to the Board with instructions to make promptly and certify to this court appropriate findings of fact and conclusions of law in compliance with the D.C. Administrative Procedures Act.

Reversed and remanded.