**Mariann L. HILL, Petitioner,**

v.

**DISTRICT OF COLUMBIA UNEMPLOY-
MENT COMPENSATION BOARD,
Respondent.**

**No. 5477.**

District of Columbia Court of Appeals.

Sept. 28, 1971.

Mariann L. Hill, pro se.

George A. Ross and Russell L. Carter, Washington, D. C., for respondent.

Before PAIR and YEAGLEY, Associate Judges, and CLAYTON, Chief Judge, Retired.

PAIR, Associate Judge:

When this cause was here before, Hill v. District of Columbia Unemployment Compensation Board, D.C.App., 279 A.2d 501

(1971), we were presented the question whether there was a rational basis in the administrative record for the denial of unemployment benefits to the petitioner. An appeals examiner of the Board had decided on May 18, 1970, after a hearing, that petitioner had not been available for work during the period involved and for that reason was not entitled to unemployment benefits. By Resolution entered June 9, 1970, the Board affirmed the decision of the appeals examiner and the cause was brought here for review. After examination of the record, we determined that the Board's Resolution was inadequate as a finding of fact and conclusion of law and that consequently no meaningful judicial review could be accomplished. We therefore remanded the record to the Board with direction to make and certify to the court appropriate findings of fact and conclusions of law.

We are satisfied that the Board has made a good faith attempt to comply with our mandate for it has prepared and submitted to the court detailed findings of fact which in summary read:

"20. During a period of 12 weeks, Mariann L. Hill [petitioner] made only 12 Personal job contacts in an area where on two occasions the local officials of the Department of Labor said she should have no trouble obtaining work, although she had been cautioned by this Board to make at least three contacts per week."

The Board concluded from these findings that petitioner " * * * was not available for work from March 1, 1970 for an indefinite period * * * " and entered, on July 20, 1971, an order again affirming the decision of the appeals examiner.

The difficulty we encounter at the outset is that the findings of fact are, on their face, without any significant support in the testimony elicited at the hearing conducted by the appeals examiner. Every indication is that the findings of fact are supported, if at all, principally by documentary evidence consisting of standard forms containing illegible notes and hearsay statements, and which is, for this reason, of very doubtful competency.

Perhaps the reason for this deficiency in the findings is that the Board may have again been unable to obtain an adequate transcript of the testimony. In any event no such transcript has been brought here.[1] The findings of fact do not, therefore, provide a proper base for the conclusions which the Board has drawn therefrom. Allentuck v. District of Columbia Minimum Wage & Industrial Safety Bd., D.C.App., 261 A.2d 826 (1969).

Under the circumstances the court is unable to make a considered judgment (1) whether there was a fair hearing and a just and reasonable application of the statute and the Board's regulations,[2] (2) whether there was a prejudicial departure from

---

1. D.C.Code 1967, § 46–311(f) requires that "[a] full and complete record shall be kept of all proceedings in connection with an appealed claim. * * * Upon any such appeal, a copy of all the testimony and of the findings of fact upon which the Board's decision was based shall be filed with the court. * * * "

2. We note from the findings of fact that on February 20, 1970, petitioner voluntarily left her employment in the District of Columbia and with her husband moved to a mobile home in a suburb of Chicago, Illinois. On March 2, 1970, she filed an interstate claim for unemployment benefits. The Board, no doubt after consid-

eration of D.C.Code 1967, §§ 46–309 and 46–310(a) and its Regulation 18:301.1 (a) and (b) (4), made an initial determination of eligibility and on March 10, 1970, notified petitioner that she was entitled to benefits of $55 weekly and maximum benefits of $1,870. It does not appear that any party to the determination ever requested reconsideration or filed an appeal, as permitted by D.C.Code 1967, § 46–311(b) and Regulation 18:302.2(a) and (b). Cf. Woodward & Lothrop, Inc. v. District of Columbia Unemp. Comp. Bd., 129 U.S.App.D.C. 155, 158, 392 F.2d 479, 482 (1968).

the requirements of law or an abuse of the Board's discretion [3] and (3) whether the Board's decision is supported by substantial evidence and is reasonable and not arbitrary.[4]

Thus on the record which has been brought here, meaningful review of the Board's disposition in this cause is again frustrated.

Reversed and remanded with directions to vacate the decision of the appeals examiner and grant petitioner a new hearing on her claim for unemployment benefits.

3. D.C.Code 1967, § 46–309(d). Regulation 18:301.3(a).

4. We have searched but have been unable to find in the Board's regulations any requirement that a claimant for unemployment benefits must make, as a condition precedent, at least three job contacts weekly.