**Raymond G. SIMMONS, Petitioner,**

v.

**DISTRICT UNEMPLOYMENT COMPENSATION BOARD, Respondent.**

**No. 5773.**

District of Columbia Court of Appeals.

Argued Oct. 28, 1971.*

Decided July 11, 1972.

Rehearing and Rehearing En Banc Denied Aug. 22, 1972.

---

* Supplemental Memoranda were filed by respondent on March 13, 1972, and May 12, 1972, and by *amicus* on April 27, 1972.

Raymond G. Simmons, pro se.

Russell L. Carter, Washington, D. C., with whom George A. Ross and Bill L. Smith, Washington, D. C., were on the brief, for respondent.

Robert L. McCarty and Henry N. Libby, Washington, D. C., filed a brief as amicus curiae.

Before KERN, PAIR and REILLY, Associate Judges.

KERN, Associate Judge.

Petitioner challenges a determination by the District Unemployment Compensation Board (Board) that he is disqualified for unemployment benefits for a period of six weeks because he had been discharged by his last employer for misconduct, to wit, reporting for work under the influence of alcohol. D.C.Code 1967, § 46–310(b); 18 D.C.R.R. 301.2(b) (2) (1970). His petition, as amplified by a memorandum of the *amicus* appointed by this court in view of the fact that petitioner was without counsel but had raised a substantial issue, contends that the Board's proceedings were defective procedurally and therefore its determination was invalid. We agree.

After the Board's Claims Deputy had ruled initially [1] that petitioner was disqualified for benefits for six weeks because of his misconduct, he noted an appeal and requested a hearing at which testimony could be taken, as was his right under the statute. *See* D.C.Code 1967, § 46–311(c). The hearing was conducted by a Florida appeals referee in Gainesville, since petitioner's last employer was a Florida lumber warehouseman.[2] At the hearing, petitioner's supervisor testified that petitioner appeared to be under the influence of alcohol when he had reported for duty on a Monday morning. Hearsay evidence from two other employees that petitioner was in no condition to work that day was received through this witness.

On the other hand, petitioner testified that he had not been drinking and that he was able to perform his work properly. Further, he produced a letter from a fellow worker who stated that he had observed petitioner at work on the day in question and that petitioner had not been under the influence of alcohol. The Florida appeals referee made no findings of fact or otherwise reported his impressions or conclusions concerning the credibility of the two witnesses whose testimony was in direct and total conflict.[3]

The Board's Appeals Examiner in the District of Columbia listened to a recording of the testimony taken by the Florida referee and then concluded, "The testimony clearly shows that claimant reported for work under the influence of strong drink." He found petitioner guilty of misconduct and recommended that the initial determination of petitioner's disqualification be affirmed. The Board affirmed its appeals examiner's finding and conclusion.

The Board's Appeals Examiner and the Board itself never saw petitioner or his supervisor and had no report from the Florida referee as to which witness' testimony was to be credited. Professor Davis states:

*But when oral testimony is in conflict, so that findings may depend on demeanor, the decision should not be made by officers who have not been present at the hearing unless those officers have the benefit of a report by the officer who saw and heard the witnesses . . . . The question whether demeanor in any particular case is of sufficient importance to require a report by*

---

1. *Amicus,* citing Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), argues that this initial determination violated due process because it denied petitioner unemployment benefits *without* first affording him a hearing. *Compare* D.C.Code 1967, § 46–311(b). In view of our disposition of this petition we do not reach that issue.

2. *See generally* 18 D.C.R.R. 305.2(b), 305.6, 305.7 (1970) and D.C.Code 1967, § 46–316.

3. The Florida referee, under the Board's Regulations, had "authority *and responsibility*" (emphasis added) to investigate and report relevant facts. 18 D.C.R.R. 304.6(b) (1970). He submitted no report of any kind so far as the record before us shows. See note 4 *infra.*

the presiding officer is of course for the agency to determine, and a reviewing court should uphold a determination that a report is unnecessary except when the record clearly shows that fairness requires consideration of the demeanor element. 2 K. Davis, Administrative Law Treatise § 11.18 (1958). (Emphasis added.)

The Supreme Court has admonished generally that "[t]he one who decides must hear." Morgan v. United States, 298 U.S. 468, 481, 56 S.Ct. 906, 912, 80 L.Ed. 1288 (1936). This court has recognized that when opportunity on the part of an administrative board to hear the witnesses and "observe their demeanor in the act of testifying" is lacking, and "weight and credibility of witnesses" is involved, due process is also lacking. Feldman v. Board of Pharmacy of District of Columbia, D.C.Mun. App., 160 A.2d 100, 103 (1960). See Shawley v. Industrial Commission, 16 Wis.2d 535, 114 N.W.2d 872, 875–876 (1962).

 After a review of the testimony of the witnesses concerning the misconduct alleged to have occurred in this case, it is clear to us that their demeanor necessarily constituted for the trier of fact a substantial factor in evaluating their credibility. We conclude that fairness requires that their demeanor should have been considered,[4] see Gamble-Skogmo, Inc. v. FTC, 211 F.2d 106, 115 (8th Cir. 1954),

and that this substantial element was "lost from this case," Board of Pharmacy of the District of Columbia v. Feldman, 108 U.S. App.D.C. 46, 279 F.2d 821 (1960).

The burden of proof of misconduct on the part of petitioner was upon the employer. 18 D.C.R.R. 301.2(b) (2) (1970). Since it has failed in the record before us to show by competent proof that misconduct, we grant the petition for review, reverse the Board's determination and remand the case with directions to pay petitioner the full benefits to which his unemployment entitles him.

So ordered.

---

4. The Board acknowledges that the hearing officers in other states make "fact finding reports" to it pursuant to the reciprocal agreement into which the District and these states have entered, as authorized by Congress in D.C.Code 1967, § 46–316. (Respondent's Reply to Memorandum *Amicus Curiae* at 1.) We strongly commend to the Board's specific attention the need to ensure, promptly, that these hearing officers make their "fact finding reports" in contested interstate claims cases with sufficient awareness of their present responsibility for evaluating credibility of witnesses not only upon the basis of what they hear but also what they see. Unless the demeanor of the witness is considered in evaluating his credibility for the purposes of a "fact finding report," the validity of the Board's determination of future cases involving contested interstate claims will be open to serious challenge. One method of complying with the standards of the D.C. Administrative Procedure Act would be for the Board to amend its regulations so as to require out-of-state hearing officers (or referees) in future cases to make a report containing findings of fact and conclusions of law which may then be treated by the Board in conformity with our decision in Wallace v. District Unemployment Compensation Board, D.C.App., 289 A.2d 885 (1972).