VERNON COUNTY and another, Appellants, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS and another, Respondents.

*No. 187. Submitted under sec. (Rule) 251.54 October 3, 1973.—Decided October 30, 1973.*
(Also reported in 211 N. W. 2d 441.)

For the appellants the cause was submitted on the brief of *Axley, Brynelson, Herrick & Gehl* of Madison.

For the respondents the cause was submitted on the brief of *Robert W. Warren,* attorney general, *Lowell E. Nass,* assistant attorney general, attorneys for respondent Department of Industry, Labor & Human Relations; and *Hale, Skemp, Hanson, Schnurrer & Skemp* of La Crosse, attorneys for respondent Frederick J. Howell.

BEILFUSS, J. The appellants state the issue thusly:

"Is there credible evidence in the record to sustain the entry by the Department of Industry, Labor & Human Relations of an interlocutory order retaining jurisdiction for the purpose of determining any permanent partial disability"?

We believe there is.

The appellants argue that the law places the burden of proof upon the employee to establish by credible evidence that he has sustained a permanent injury and that the department's orders cannot rest upon mere conjectures or possibilities.[1]

We readily acknowledge that this is the proper rule in workmen's compensation cases where there is a specific finding of a permanent partial disability and an award based upon that finding. That is not the finding or order we are required to examine. The department did not make a finding of any permanent partial disability nor the extent thereof, nor enter an order making an award for any permanent disability. The department said, in effect, that from the evidence a permanent partial disability resulting from the present injury may manifest

---

[1] *Shymanski v. Industrial Comm.* (1956), 274 Wis. 307, 79 N. W. 2d 640; *Franckowiak v. Industrial Comm.* (1960), 12 Wis. 2d 85, 106 N. W. 2d 51; *R. T. Madden, Inc. v. ILHR Dept.* (1969), 43 Wis. 2d 528, 169 N. W. 2d 73.

itself in the future and we are retaining jurisdiction to be able to determine whether this occurs.

We start with the proposition, of course, that this is not an ordinary personal injury action where the nature and extent of future disability or permanent injury must be established by medical testimony to a reasonable medical probability at the time of trial; or even a workmen's compensation case where a determination of permanent partial disability is made.

The claimant's potential future claim here is recognized by virtue of and consistent with purposes of the Workmen's Compensation Act.

Sec. 102.18 (1) (b), Stats., states:

"After final hearing the department shall make and file its findings upon the ultimate facts involved in the controversy, and its order, which shall state its determination as to the rights of the parties. Pending the final determination of any controversy before it, the department may after any hearing make interlocutory findings, orders and awards which may be enforced in the same manner as final awards. . . ."

In *Larsen Co. v. Industrial Comm.* (1960), 9 Wis. 2d 386, 392, 393, 101 N. W. 2d 129, this court stated the test for reserving jurisdiction:

"An employee's disability is no longer temporary when the point is reached that there has occurred all of the improvement that is likely to occur as a result of treatment and convalescence. At such point the commission is enabled to make a determination of percentage of permanent disability and award compensation benefits therefor. If the record before the commission indicates that a definite determination cannot then be made that the employee will not sustain a greater percentage of disability in the future, the commission should reserve jurisdiction by making its award interlocutory. *Maynard Electric Steel C. Co. v. Industrial Comm.* (1956), 273 Wis. 38, 76 N. W. (2d) 604. However, there is nothing in sec. 102.43, Stats., which authorizes the commission

to continue awarding temporary total disability until such time as it is possible to accurately measure the maximum amount of permanent partial disability that may occur at some future time.''

Both Dr. Shealy and Dr. Frederick Pitts, a neurosurgeon who examined Howell and consulted with Dr. Shealy, testified to a reasonable medical probability that Howell suffered a permanent injury. Dr. Shealy fixed it at 10 percent of the body as a whole and Dr. Pitts at seven percent. However, they both testified that as of the time of the hearing the healing period was over, that at present no medication or treatment were needed, and as of that date Howell suffered no disabilities nor pain and could work at his job without limitation. However, they both testified, by virtue of their training and experience and the nature of Howell's injury, that it was possible he would experience difficulties in the future. Their testimony was to the effect that because Howell's C–5 and C–6 vertebrae were fused and had become fixed that there was no normal flexibility in that limited portion of his back; that he did not experience any limitation of motion now because the vertebral joints on either side stretched enough to compensate for the normal motion lost in the fusion of C–5 and C–6. They further testified that their experience indicated that many persons who have fusions similar to Howell's because of the abnormal aggravation of the adjacent intervertebral discs subsequently develop arthritic symptoms of pain and disability.

Upon this testimony the department determined that Howell had no present permanent disability or impaired earning capacity but that permanent disability may occur in the future.

We believe the credible evidence supports these findings. The examiner and the department rejected the medical opinion that Howell suffered a permanent dis-

ability at the time of the hearing.[2] This finding is consistent with the evidence that he has no present symptoms, needed no treatment and was not physically limited so as to impair his earning ability. The medical testimony supports the finding that he may suffer permanent disability in the future. This finding is not based upon speculation and conjecture as argued by the appellants but is based upon the credible evidence that he has had a fusion and that this abnormal condition can, and many times does, aggravate adjacent areas in the back.

The findings are supported by credible evidence, and the order retaining jurisdiction is consistent with the purposes of the Workmen's Compensation Act.

*By the Court.*—Judgment affirmed.

---

[2] Another doctor, Dr. Henry Suckle, testified that, in his opinion, Howell had no present symptoms and would not suffer any disability in the future related to the injury in question.