JOSEPH SCHLITZ BREWING COMPANY and another, Respondents, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS, Defendant: NIENOW (Florence), widow of Robert D. Nienow, deceased, Appellant.

*No. 356. Argued January 6, 1975.—Decided March 6, 1975.*
(Also reported in 226 N. W. 2d 492.)

188

For the appellants there was a brief by *Charles M. Hanratty* and *Mary H. Payne,* both of Milwaukee, and oral argument by *Ms. Payne.*

For the respondents there was a brief by *Borgelt, Powell, Peterson & Frauen,* and oral argument by *Clayton R. Hahn,* all of Milwaukee.

ROBERT W. HANSEN, J. This is a case of horses being changed in the middle of a stream. The sequence of events makes clear where the midstream change of mounts took place. Here is a summary of what preceded this appeal:

1. The brewery worker involved died on the job at the brewery, and the physician's death certificate stated the cause of his death to be "Probable acute coronary insufficiency" due to "coronary artery heart disease."

2. His widow filed an application for workmen's compensation death benefits, alleging that her husband's death was not caused by a fatal heart attack, but resulted ". . . from inhalation of noxious gases, . . ." the gas involved being carbon dioxide or $CO_2$.

3. Her counsel, at the hearing before the examiner, established that a concentration of 10 percent carbon dioxide by volume in the breathing zone was sufficient to cause death by $CO_2$ intoxication to a person who had a bad heart of one kind or another, and sought to establish that such 10 percent $CO_2$ concentration was present at the time of the death of applicant's husband.

4. The hearing examiner, following the hearing, held that ". . . the applicant has not met the burden of proof necessary to establish that the deceased's death was due to exposure to lethal concentrations of carbon dioxide gas at work, rather than to a pre-existing, underlying coronary arterial disease. . . ."

5. The ILHR department, on petition for review, set aside the examiner's findings and awarded death bene-

fits, holding that ". . . the deceased sustained accidental injury in the nature of an aggravation of a pre-existing cardiac condition by inhalation of carbon dioxide . . . ."

6. The circuit court, in the action for judicial review, reversed the order of the department, holding that it was unsupported by credible evidence and finding that: "There is no testimony that there was a 10 percent concentration of carbon dioxide present in the air when the deceased collapsed on the morning of January 7, 1971 . . . ."

Where the change in the horse being ridden took place is evident. It was at least attempted by the department in its order on petition for review. The applicant, by her counsel, had saddled and mounted the horse of proving death by carbon dioxide intoxication based on the inhalation of 10 percent $CO_2$ gas present at the time of her husband's collapse. The hearing examiner had held that this horse did not reach the further shore of employer liability for the death because the applicant did not meet her burden of proof in establishing that death was due to "exposure to lethal concentrations of carbon dioxide gas."

The department set aside the order of its hearing examiner. However, it did not find that the applicant had met her burden of proof in establishing that the death of her husband was due to exposure to lethal concentrations of carbon dioxide at work. Instead, it substituted a different horse for the rest of the trip. It held that the deceased sustained accidental injury "in the nature of an aggravation of a pre-existing cardiac condition by inhalation of carbon dioxide." It substituted aggravation of a pre-existing condition as the basis of liability, a horse not previously ridden by applicant or the examiner.

This aggravation of a pre-existing condition basis of employer liability for workmen's compensation benefits

is found in and is thoroughly discussed in *Lewellyn v. ILHR Department* (1968), 38 Wis. 2d 43, 59, 155 N. W. 2d 678. The test or rule of law as to employee recovery on this basis is there stated as follows:

"If the work activity precipitates, aggravates and accelerates beyond normal progression, a progressively deteriorating or degenerative condition, it is an accident causing injury or disease and the employee should recover even if there is no definite 'breakage.'" (Citing *Shawley v. Industrial Comm.* (1962), 16 Wis. 2d 535, 114 N. W. 2d 872, and Currie, 37 Wis. Bar Bulletin 7.)

There are three things wrong with what the department did in seeking to make the *Lewellyn* rule the basis for employer liability in this case.

1. *Its conclusion of law is in error.*

The department here held only that there was an accidental injury that was "in the nature of an aggravation" of a pre-existing cardiac condition. The *Lewellyn* rule requires that work activity be such as "precipitates, aggravates and accelerates beyond normal progression" the underlying condition. This threefold requirement is that the work incident be such as induces or triggers an earlier onset of a deteriorative or degenerative condition. It is not anything "in the nature of an aggravation," however slight, that comes under the rule. In *Lewellyn,* this court reinstated a department order denying benefits, finding ". . . sufficient credible evidence that the work incident did not aggravate beyond normal progression Mrs. Lewellyn's degenerative condition. . . ." (*Id.* at page 59.) The phrase "in the nature of an aggravation" is not synonymous with the phrase "aggravate beyond normal progression." The proof required is that the work activity did precipitate, aggravate and accelerate beyond normal progression the pre-existing condition before benefits under the Workmen's Compensation Act can be

awarded. To hold that a work incident "is in the nature of an aggravation" of a pre-existing condition is not sufficient to bring the case within the *Lewellyn* rule.

## 2. *Its findings of fact are insufficient.*

Under the *Lewellyn* rule, the applicant for compensation benefits must establish the nature and existence of a pre-existing condition of a progressively deteriorating nature which the work incident is claimed to have precipitated, aggravated and accelerated beyond normal progression. In *Lewellyn,* such pre-existing condition was established to be a degenerative disc condition at the lumbosacral joint, and the department so found. In the case before us, any pre-existing condition was not specifically identified. The department did find that a Navy discharge because of a heart murmur and a physical examination in 1947 showing an elevated diastolic reading (138/92) and a fast (92) and intermittent pulse beat ". . . indicated he was one who had a propensity to sudden death due to his cardiac problems, . . ." and held that ". . . he was vulnerable to disability and death resulting from carbon dioxide exposure. . . ." That does not identify any particular "progressively deteriorating or degenerative condition." Such findings do not even exclude the possibility that death occurred during normal employment activity as ". . . only a manifestation of a definitely pre-existing condition of a progressively deteriorating nature, . . ." in which case recovery is, under *Lewellyn,* to be denied. (*Id.* at page 59.)

## 3. *Its statutory authority was exceeded.*

The issue presented is as to the statutory authority of the department to substitute a basis for its findings and order other than the basis litigated at the hearing and other than the basis on which the examiner's order was founded. Sec. 102.18 (3), Stats. 1971, provides that, on

motion for review of an examiner's findings and order, ". . . The commission shall either affirm, reverse, set aside or modify such findings or order in whole or in part, or direct the taking of additional testimony. . . ." We do not read the authority given to "modify" an examiner's findings and order to include a right on the part of the department to set aside the order, and substitute an entirely different basis for liability than the one on which the examiner ruled. Where the department thus elects to mount and ride an entirely different horse, we see it required to set aside the examiner's findings and order, and "direct the taking of additional testimony," with the examiner directed to make findings and enter an amended order as to the additional or substituted basis for recovery that the department feels is applicable. Authority to modify, without permitting applicant and employer an opportunity to offer additional testimony, does not extend to the making of findings and order as to some alternative basis of liability that the department feels applicable, but which was not tried by the parties or ruled on by the examiner.

For the three reasons given, each and all, the order of the department must be set aside. So we do not reach the issue, on which the circuit court ruled, of whether there is credible evidence in this record to support the findings made and order entered by the department.

The remaining question is as to the nature of the remand. Under these circumstances, (1) ought the return of the record provide for dismissal of applicant's claim of entitlement to benefits, or (2) should the examiner's order be reinstated, with the department directed to make new findings and order or, in the alternative, to provide an opportunity to applicant and employer to offer additional testimony?

Where a department order is set aside by the court, the court may remand the record to the department for

further hearing or proceedings. (Sec. 102.24, Stats.) Where a record was inadequate in a workmen's compensation case, our court held that ". . . justice requires the record to be remanded for further hearing." (*Icke Construction Co. v. Industrial Comm.* (1966), 30 Wis. 2d 63, 69, 139 N. W. 2d 841.) In another situation, this court remanded the record, there reinstating the findings of the hearing examiner but directing the department to consider the testimony already taken and ". . . such additional testimony as the parties wish to present on all issues in dispute . . . ." *Burton v. ILHR Department* (1969), 43 Wis. 2d 218, 228b, 168 N. W. 2d 196, 170 N. W. 2d 695.

Under the circumstances, we see the type of remand here to be made as that suggested by the legislature in the statute providing for setting aside final orders by the commission. That statute (sec. 102.18 (4) (b), Stats. 1971) provides:

"(b) On motion, the commission may set aside, modify or change any order, findings or award, whether made by a commissioner, an examiner or by the commission, at any time within 20 days from the date thereof if it discovers any mistake therein, or upon the grounds of newly discovered evidence. *The commission may on its own motion, for reasons it deems sufficient, set aside any final order* or award within one year from the date thereof upon grounds of mistake or newly discovered evidence, *and after extending an opportunity for hearing may make new findings and order,* or it may reinstate the previous findings and order or award." (Emphasis supplied.)

The public policy as to correction of mistakes made by the department and extension of opportunity for further hearing is expressed in the statute. The department may set aside its own order on the ground of mistake at anytime within one year, but only after an opportunity for hearing has been extended to the parties may it make

new findings and order or reinstate its old ones. Here a mistake as to the rule of law governing aggravation by pre-existing condition situations was made by the department and was brought to the department's attention by judicial process. The one year for the department's setting aside of its order, on the basis of mistake, has gone by but it was the process of judicial review that prevented any earlier discovery by the department of its mistake. Where a department order is set aside on the ground of mistake having been made, the statute provides for the opportunity for hearing to the parties before a new order is entered or new findings made. Justice and public policy, legislatively spelled out, suggest that the setting aside of the department order in this case be accompanied by remand for further proceedings with the department authorized to extend the opportunity for presenting additional testimony at a reopened hearing on the applicability here of the aggravation of pre-existing condition basis for employer liability to this application for workmen's compensation benefits. So we set aside the department's order, reinstate the examiner's order, and direct the department to again consider the testimony already taken and such additional testimony as the parties wish to present on all issues in dispute and to make new and complete findings thereon.

*By the Court.*—Judgment affirmed as to setting aside the order of the ILHR department; modified to provide that the findings and order of the hearing examiner be reinstated; and cause remanded for further proceedings by the department consistent with this opinion.