JEWEL COMPANIES, INC., Appellee, *v.* THE INDUSTRIAL COMMISSION *et al.* (Dolores Ann Rider, Appellant).

First District (Industrial Commission Division)  No. 1—84—423 WC

Opinion filed June 13, 1984.

John E. Cunningham, of Chicago, for appellant.

Thomas D. Nyhan, Ellis A. Ballard, and James M. O'Brien, all of Chicago (Pope, Ballard, Shepard & Fowle, Ltd., of counsel), for appellee.

JUSTICE WEBBER delivered the opinion of the court:

Petitioner, Dolores Ann Rider, filed a claim under the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et seq.*) for injuries to her leg, knee, back, arms and hands allegedly caused by a fall at work occurring on May 29, 1980. Claimant was employed as a chef kitchen manager with respondent, Jewel Companies, Inc. At arbitration, claimant proceeded under the immediate hearing provisions of section 19(b) of the Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(b)). She also sought penalties and attorney fees under sections 19(k) and 19(l) (Ill. Rev. Stat. 1981, ch. 48, pars. 138.19(k), 138.19(l)). At arbitration, claimant confined her evidence and arguments to the issue of respondent's liability for the injury to her left knee. The arbitrator found that this injury arose out of and in the course of her employment and awarded her $238.22 per week for a period of 30$\frac{1}{7}$ weeks for temporary total disability. The sum of $7,163.43, already paid to claimant by respondent, was credited against respondent's liability for total temporary disability compensation. The arbitrator declined to award claimant's medical expenses because she failed to submit evidence in support of her claim for unpaid or unreimbursed bills. He also refused to assess any penalties against respondent. The Industrial Commission adopted the findings of the arbitrator insofar as he concluded that claimant had sustained an accidental injury to her knee arising out of and in the course of her employment. The Commission, however, with one commissioner dissenting, replaced the arbitrator's temporary total award with an award of $238.33 per week for life from the date of the accident less credit for payments already made. Based upon evidence presented on review, it ordered respondent to pay $2,771.50 to claimant for medical expenses pursuant to section 8(a) of the Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.8(a)).

The circuit court of Cook County set aside the decision of the Commission. The court concluded that the Commission's award of permanent total disability was improper because it exceeded the relief sought by claimant under section 19(b). The circuit court also found that the Commission's decision was contrary to the manifest weight of the evidence. It regarded the testimony of plaintiff's treating physician as unworthy of belief, apparently because the physician and his staff had altered certain of claimant's medical records after treatment had been provided to her. Accordingly, the court reinstated the decision of the arbitrator.

Claimant appeals, contending that the circuit court erred in setting aside the Commission's award of permanent total disability and its award of medical expenses. She argues that the Commission's deci-

sion was not manifestly erroneous.

■ We conclude, however, as did the trial court, that the Commission exceeded its authority in awarding permanent total disability. Section 19(b) provides:

"The Arbitrator or committee of arbitration may find that the disabling condition is temporary and has not yet reached a permanent condition and may order the payment of compensation up to the date of the hearing, which award shall be reviewable and enforceable in the same manner as other awards, and in no instance be a bar to a further hearing and determination of a further amount of temporary total compensation or of compensation for permanent disability, but shall be conclusive as to all other questions except the nature and extent of said disability." (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(b).)

The record in this case clearly shows that only the issue of temporary disability was litigated below. The question of permanence was not raised before the arbitrator or the Commission on review. The decision of the arbitrator states: "Because Petitioner sought remedies under paragraphs (B), (L), and (M), of Section 19. No evidence was offered regarding permanent disability. This decision shall in no instance be a bar to a further hearing for a determination of permanent disability." This language, taken in part from section 19(b), demonstrates that the hearing invoked by claimant addressed only the issue of temporary disability. Accordingly, the Commission erred in resolving an issue that was not litigated by the parties. See *Brinkmann v. Industrial Com.* (1980), 82 Ill. 2d 462, 413 N.E.2d 390; *Thomas v. Industrial Com.* (1980), 78 Ill. 2d 327, 399 N.E.2d 1322.

■ We are also persuaded that the Commission's award of medical expenses was improper. It is elementary that claimants bear the burden of proving by a preponderance of the evidence all elements necessary to sustain an award of compensation. (*Bemis Co. v. Industrial Com.* (1981), 85 Ill. 2d 291, 423 N.E.2d 896.) Under section 8(a), respondents may only be ordered to pay for treatment which is "reasonably required to cure or relieve from the effects of the accidental injury." Ill. Rev. Stat. 1981, ch. 48, par. 138.8(a).

In this case, the arbitrator found that the claimant had submitted to him neither documentary evidence nor testimony supporting a claim for unpaid medical bills. On review by the Commission, there was presented only a physician's bill which was a hodge-podge of items not clearly related to the injury for which the claim was being made and even containing an item for services rendered prior to the injury. It therefore follows that the award of medical expenses was

against the manifest weight of the evidence.

The judgment of the circuit court of Cook County setting aside the decision of the Commission is accordingly affirmed. That judgment reinstated the decision of the arbitrator, which specifically found that his "decision shall in no instance be a bar to a further hearing for a determination of permanent disability." The cause is therefore remanded to the Commission for any further proceedings consistent with the views expressed in this opinion.

Affirmed and remanded.

SEIDENFELD, P.J., McNAMARA, BARRY, and KASSERMAN, JJ., concur.