Scott WRIGHT, Plaintiff-Appellant,

v.

LABOR & INDUSTRY REVIEW COMMISSION, Monterey Mills, Inc., City Cab Auto Repair, Inc., EMC Companies, and General Casualty Company, Defendants-Respondents. †

Court of Appeals

*No. 96–1024. Submitted on briefs January 16, 1997.—Decided April 17, 1997.*

(Also reported in 565 N.W.2d 221.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Michael Jan Steckelis* of Madison.

For the defendants-respondents the cause was submitted on the briefs of *James E. Doyle,* attorney general, and Lowell E. Nass, assistant attorney gen-

eral; *Thomas M. Rohe*, of *Otjen, Van Ert, Stangle, Lieb and Wier, S.C.*, of Milwaukee; and *Walter D. Thurow* and *Jennifer M. Collingon*, of *Thurow Law Offices*, of Madison.

Before Eich, C.J., Dykman, P.J. and Roggensack, J.

EICH, C.J. Scott Wright appeals from a judgment affirming an order of the Labor and Industry Review Commission modifying the proposed findings of fact and conclusions of law rendered by a Department of Labor, Industry and Human Relations administrative law judge (ALJ) in this worker's compensation case. The effect of the Commission's decision was to determine that Wright had not suffered any permanent disability as a result of a work-related injury.

Wright argues, among other things, that: (1) the Commission exceeded its authority when it addressed the permanency of his injuries when the only issues covered at the hearing before the department related to temporary disability and medical expenses; and (2) due process and principles of fundamental fairness entitle him to an opportunity to present evidence on permanent disability. We agree and reverse the judgment.

While working as a coating operator at Monterey Mills, Inc., in May 1989, Wright injured his lower back when he slipped and fell from an elevated track on which he was working. He was hospitalized and received medical care for several months before he was able to work again. Wright began working for City Cab Auto Repair in August 1989, and continued to experience lower back pain. In October 1991, he sought additional treatment after a sudden onset of pain in his

291

back and legs. Eventually, he had to stop working altogether.

Wright applied for worker's compensation benefits. His application sought compensation for temporary disability and medical expenses and put forth an additional claim not relevant here. After holding a hearing, the department's ALJ filed findings of fact and conclusions of law determining that Wright's back problems arose out of his 1989 injury at Monterey, and entered an interlocutory order awarding temporary total disability and medical expenses. The order expressly reserved jurisdiction in the department with respect to any claim or benefits for permanent disability arising out of the injury.

Monterey and its insurer appealed to the Commission. The Commission modified the ALJ's findings and order, affirming the award of temporary disability and medical expenses,[1] but went on to rule that Wright reached a "healing plateau" as of May 1993 and thus did not sustain any permanent disability as a result of the 1989 injury. Wright sought judicial review and appeals the trial court's judgment affirming the Commission's decision.

In administrative review proceedings, we review the agency's decision, not the trial court's, *Langhus v. LIRC*, 206 Wis. 2d 493, 500, 557 N.W.2d 450, 454 (Ct. App. 1996), and our review is limited by statute. Under § 102.23(1)(e), STATS., we may set aside the Commission's order or award only if it appears:

---

[1] Monterey and the other respondents do not dispute that there was evidence before the Commission from which it could determine that Wright's injuries arose out of his employment at Monterey.

1. That the commission acted without or in excess of its powers.

2. That the order or award was procured by fraud.

3. That the findings of fact by the commission do not support the order or award.

We may also set aside the Commission's decision if we determine that its award "depends on any material and controverted finding of fact that is not supported by credible and substantial evidence." Section 102.23(6).

■

Trimmed to its essentials, Wright's position on appeal is that the Commission lacks authority to rule on matters not tried before the department or agreed upon by the parties. It is, on its face, a question of law, and while we ordinarily pay some degree of deference to an agency's interpretation of statutes it is charged to administer, *Lisney v. LIRC*, 171 Wis. 2d 499, 505, 493 N.W.2d 14, 16 (1992), "an agency's decision dealing with the scope of its own power is not binding on this court," and we owe it no deference. *Amsoil, Inc. v. LIR C*, 173 Wis. 2d 154, 165, 496 N.W.2d 150, 154 (Ct. App. 1992); *see also Wisconsin's Envtl. Decade, Inc. v. Public Serv. Comm'n*, 81 Wis. 2d 344, 351, 260 N.W.2d 712, 716 (1978). We thus review the Commission's decision in this case *de novo*.

As a preliminary matter, the parties dispute whether permanent disability was an issue at the hearing before the department. The Commission[2] claims that it was, citing (1) a statement in the notice of hear-

---

[2] While Monterey and Wright's subsequent employer, City Cab, and their insurers are also parties to this appeal, they all seek affirmance of the Commission's decision and, for the sake of convenience, we refer to them collectively as "the Commission."

ing that one of the issues was "primary compensation"; (2) a statement by the ALJ at one point in the hearing that "at issue is . . . the nature and extent of disability"; and (3) a letter from Wright at the time he filed his application for benefits in 1992 stating that an "expert" would be testifying at the hearing.

Wright, on the other hand, points out that he presented no evidence at the hearing with respect to loss of vocation, bodily function or earning capacity—evidence that is required for any determination of permanent disability. *See Pfister & Vogel Tanning Co. v. DILHR*, 86 Wis. 2d 522, 528, 273 N.W.2d 293, 296 (1979); *Bituminous Cas. Co. v. DILHR*, 97 Wis. 2d 730, 736, 295 N.W.2d 183, 187 (Ct. App. 1980). He also notes that, at the hearing, his attorney objected to the scope of questioning by Monterey's attorney regarding the numbness in Wright's legs, stating that such questions were irrelevant because "we're here today on TTD [temporary total disability]."

Additionally, the medical report filed by Wright's treating physician, Dr. Robert Horswill, while noting that Wright would have "resulting permanent partial disability," stated that the nature and extent of any such disability were "not yet rated as of the time of hearing." Finally, the ALJ informed the parties at the hearing that "[b]ecause [Wright] may require further treatment for his work injury, and may well have sustained permanent partial disability and may be entitled to other benefits, jurisdiction is reserved."

We think it is clear that permanency was not litigated before the department, and the question remains whether, given that fact, the Commission could properly rule on the permanency issue on Monterey's appeal from the department's decision awarding temporary disability benefits.

Arguing that the Commission lacked authority to so rule, Wright begins by referring us to § 102.18(3), STATS., which provides that, in reviewing the decision of an administrative law judge, "the commission shall either affirm, reverse, set aside or modify the findings or order in whole or in part, or direct the taking of additional evidence. This action shall be based on a review of the evidence submitted."

We recognized in *Northwestern Insulation v. LIRC*, 147 Wis. 2d 72,. 79, 432 N.W.2d 620, 625 (Ct. App. 1988), that "[t]his statute prevents the Commission from considering on review any evidence not considered by the administrative law judge unless the parties are permitted to offer rebuttal evidence at the 'taking of additional evidence.' " *See also Schlitz Brewing Co. v. DILHR*, 67 Wis. 2d 185, 193, 226 N.W.2d 492, 496 (1975).

The Commission contends that these cases are inapplicable because the evidence it relied on to reach its decision on permanency was in the record before the department. It is true that some evidence of permanency was received at the hearing.[3] But the facts

---

[3] Wright underwent two separate medical evaluations, and the reports of those examinations—which were before the ALJ—contained isolated references to permanent disability. One, submitted by Monterey, stated that Wright's healing process had reached a "plateau" and that, in Monterey's physician's opinion, he had sustained little or no "permanent partial disability." A report submitted by a physician retained by City Cab stated that Wright had not sustained any disability, either temporary or permanent.

As indicated, the report submitted by Wright's treating physician, Dr. Horswill—which the ALJ found to be the "most credible" of the batch—stated that while Wright had suffered some permanent disability it was impossible to determine its

referred to above—particularly the ALJ's decision to make the order interlocutory—establishes beyond peradventure that the question had not been fully litigated in any sense of the term when the case came before the Commission.

We are also impressed with Wright's argument that due process and considerations of fundamental fairness dictate that he be given the right to further hearings on the untried issues. Whether a party in an administrative proceeding has received due process is a question, like the extent of the agency's jurisdiction and powers, which we review *de novo*, owing no deference to the agency's decision. *Hakes v. LIRC*, 187 Wis. 2d 582, 586, 523 N.W.2d 155, 157 (Ct. App. 1994). The question turns on the presence or absence of "fair play." *Bituminous*, 97 Wis. 2d at 734, 295 N.W.2d at 186.

The term is not unknown to the law. The elements of "fair play" are: (1) the right to reasonably know the charges or claims; (2) the right to meet such charges or claims with competent evidence; and (3) the right to be heard by counsel upon the probative force of the evidence presented by both sides of the applicable law. *Id.* Wright's position is that the procedure the Commission followed—considering the issue of permanency in light of the state of the record at the time—offends traditional notions of fair play by denying the parties notice as to what issues would be tried and a hearing on such issues.[4]

---

extent because, at the time of his examination, Wright had "not reached a healing plateau."

[4] Wright relies on *Industrial Comm'n v. Jewel Cos.*, 465 N.E.2d 935 (Ill. App. Ct. 1984), where the court considered a factual situation similar to the one presented here—although the shoe was on the other foot. The only issues at the employee's

We agree. The ALJ's ruling was plainly limited to the cause of the injury, temporary disability and medi-

worker's compensation arbitration hearing were the employer's liability and the employee's temporary total disability. When the case reached the Commission, however, the employee was awarded benefits for permanent disability. *Id.* at 936. On the employer's appeal, the Illinois Court of Appeals stated that because only temporary disability was litigated at the hearing and no evidence was offered on permanent disability, the Commission exceeded its authority in granting permanent disability. *Id.* While the *Jewel* court did not refer to "due process" or "fundamental fairness" in its opinion, its conclusion that the Commission "erred in resolving an issue that was not litigated by the parties," *id.*, satisfies us that such considerations drove the court's decision.

The respondents in this case attempt to distinguish *Jewel* because it involved an Illinois statute, which provided:

> The Arbitrator . . . may find that the disabling condition is temporary and has not yet reached a permanent condition and may order the payment of compensation up to the date of the hearing, which award shall be reviewable and enforceable in the same manner as other awards and in no instance be a bar to a further hearing . . . .

ILL. REV. STAT. § 19(b).

They argue that chapter 102, STATS., contains no similar language. Section 102.18(1)(b) , however, contains provisions of substantially similar import: "[T]he department may in its discretion after any hearing make interlocutory findings, orders and awards which may be enforced in the same manner as final awards." This statute is designed to permit the Wisconsin Commission to do just what the Illinois Commission did in *Jewel*: to issue an interlocutory order reserving jurisdiction over any claim of permanency in cases where, at the time of the initial hearings, the applicant "had no present permanent disability or impaired earning capacity but that permanent disability may occur in the future." *Vernon County v. DILHR*, 60 Wis. 2d 736, 740, 211 N.W.2d 441, 444 (1973). We see no difference between

297

cal expenses. And the Commission's ruling not only prevented that from happening, it extinguished any opportunity on Wright's part to advance a claim for permanent injury, despite the department's reservation of jurisdiction over that issue. In *Borum v. Industrial Comm'n*, 13 Wis. 2d 570, 573, 108 N.W.2d 918, 920, *cert. denied*, 368 U.S. 926 (1961), the supreme court stated:

> When the commission makes . . . a final award it is not passing upon merely the employee's right to compensation for certain claimed or then-known injuries. It is passing upon all compensation payable for all injuries caused by that accident. . . [and] [h]aving entered a final order . . . [it] lacks jurisdiction to proceed on a subsequent application for injuries allegedly sustained in the same accident.

(Citations omitted.)

■

We are mindful that principles of finality should apply to worker's compensation claims. *Kwaterski v. LIRC*, 158 Wis. 2d 112, 118, 462 N.W.2d 534, 536 (Ct. App. 1990). But injured workers have a right to a full and fair hearing of their claims, and denial of such a hearing is a denial of due process. *Bituminous*, 97 Wis. 2d at 735, 295 N.W.2d at 186.[5]

---

that situation and the instant case, where the "most credible" medical evidence before the department was that, while Wright undoubtedly had a permanent injury, its nature and extent were not yet ascertainable at the time of the hearing.

[5] In *Bituminous Casualty Co. v. DILHR*, 97 Wis. 2d 730, 295 N.W.2d 183 (Ct. App. 1980), the department denied an employer's request for a prehearing conference to discuss the claimant's medical evidence, advising it that further hearings would be held if unanticipated evidence was introduced. *Id.* at 733, 295 N.W.2d at 185. When such evidence was allowed, and a

The Commission disagrees, citing us to a statement in *Miller Brewing Co. v. LIRC*, 173 Wis. 2d 700, 719–20, 495 N.W.2d 660, 667 (1993): "LIRC has the duty 'to find the facts and determine the compensation irrespective of the presentation of the case by the attorneys.' " (Quoted source omitted.) An examination of the *Miller* opinion, however, indicates that the statement was made in an entirely different context, and we do not consider it controlling here.[6]

further hearing denied, the employer appealed and the case eventually reached this court. We reversed the agency's decision, stating that the procedure it followed "offends the traditional notions of fair play and due process." *Id.* at 735, 295 N.W.2d at 186.

[6] The sole issue in *Miller Brewing Co. v. LIRC*, 173 Wis. 2d 700, 495 N.W.2d 660 (1993), was whether one of the employer's two worker's compensation insurers was an "adverse party" within the meaning of § 102.23(1)(a), STATS., which requires "adverse parties" to be made parties to proceedings for judicial review of Commission orders. The Commission awarded benefits in the case and the employer sought review without naming one of the insurers as a party. On the employee's motion, the trial court dismissed the employer's action on grounds that its failure to comply with the statute deprived the court of subject matter jurisdiction.

On appeal, the employer argued that whether the absent insurer was an "adverse party" to the proceedings before the Commission should be determined by the position taken by the two insurers and the employer during the administrative proceedings—that all three had opposed the worker's claim and were thus united in interest, rather than adverse. The supreme court rejected the argument, stating that "the nature of the proceedings is [not] determinative [of the issue] in this case" and that the "strategy" the parties adopted at the hearing was not binding on the Commission. *Id.* at 719, 495 N.W.2d at 667. It is in that context that the quoted statement about the Commis-

Because we conclude, for the foregoing reasons, that the Commission improperly considered and ruled upon issues that were not litigated before the department—issues, in fact, upon which the department expressly reserved jurisdiction—we reverse judgment affirming the Commission's order of August 10, 1994. We remand to the trial court with directions to enter judgment reversing the Commission's order insofar as it modified the final paragraph of the ALJ's findings of fact and deleted the last sentence from the ALJ's order. Further proceedings shall be consistent with this opinion.

*By the Court.*—Judgment reversed and cause remanded with directions.

---

sion's ability to find facts "irrespective of the attorneys' positions" was made.

We do not see *Miller* as authority for the proposition advanced by the Commission that it has the authority to entertain unlitigated issues on an appeal from the department's decision in a worker's compensation case.