WASTE MANAGEMENT INCORPORATED,
Petitioner-Appellant,

PACIFIC EMPLOYERS INSURANCE COMPANY, Petitioner,

v.

LABOR AND INDUSTRY REVIEW COMMISSION,
Timothy Bowe, Wisconsin Worker's
Compensation Uninsured Employer's Fund,
Countryside Hides Incorporated and American
Compensation Insurance Company,
Respondents-Respondents,

Waldo HIPPERT and Lucy Hippert, d/b/a Chippewa
Falls Rendering, Respondents.

Court of Appeals

*No. 2007AP2405. Submitted on briefs February 13, 2008.
—Decided February 26, 2008.*

2008 WI App 50

(Also reported in 747 N.W.2d 782.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Melanie L. Persich* and *Robert H. Zilske* of *Zilske Law Firm, S.C.*, Brookfield.

On behalf of the respondent-respondent, Labor and Industry Review Commission, the cause was submitted on the brief of *R. Duane Harlow*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

On behalf of the respondents-respondents, Country-side Hides, Inc. and American Compensation Insurance

Company, the cause was submitted on the brief of *Cynthia K. Thurston* of *McCollum, Crowley, Moschet & Miller, Ltd.*, Rice Lake.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. PETERSON, J. Waste Management Incorporated and its insurer, Pacific Employers Insurance Company (collectively, Waste Management), appeal an order affirming a worker's compensation decision by the Labor and Industry Review Commission. Waste Management argues the Commission violated its due process rights by holding it liable on a theory that was not raised before the administrative law judge (ALJ). We agree, reverse the order, and remand for a new Commission review.[1]

## BACKGROUND

¶ 2. In March 2003, Timothy Bowe applied for worker's compensation benefits for a severe back injury. The case was ultimately expanded to include three employers, Chippewa Falls Rendering,[2] Countryside Hides, Inc. and Waste Management, along with their insurers. Bowe worked at Chippewa Falls Rendering beginning in March 1999. In April 2001, Countryside Hides purchased Chippewa Falls Rendering. Bowe con-

---

[1] Waste Management makes two other challenges to the Commission's decision. Because the due process violation requires reversal, we need not reach these issues. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need be addressed).

[2] Chippewa Falls Rendering was a trade name for two individual owners. For clarity, we refer to the business as Chippewa Falls Rendering rather than by the names of the individual owners.

tinued to work for Countryside Hides until October 2001. In October 2001, Bowe quit Countryside Hides and began work at Waste Management, where he remained until June 2002.

¶ 3. The Department of Workforce Development held a hearing on Bowe's claim in November 2004. At the beginning of the hearing, the ALJ clarified the issues in dispute as follows:

> First, whether [Bowe] suffered an injury by accident on or about December 5, 2000 when he was employed by [Chippewa Falls Rendering], and whether [Bowe] suffered a[] . . . compensable injury by accident on September 14, 2001, when he was employed at Countryside Hides, and also whether [Bowe] suffered an injury by accident on June 3, 2002, while he was employed at Waste Management.
>
> In addition to the accidental injuries that have been alleged, another issue has been raised, and that is of an occupational disease. Specifically [Bowe] alleges in the alternative that he has suffered from an occupational back disease with the date of injury of . . . October 20, 2001, and the claim is that Countryside Hides and its carrier would be on the risk for that occupational back disease.

¶ 4. Bowe agreed with that statement of the issues. Chippewa Falls Rendering then asked the ALJ whether Waste Management could also be liable on an occupational disease theory, noting it was not sure what theory Countryside Hides was pursuing. After a short discussion, the ALJ stated:

> I don't remember any allegation in the pleadings anywhere in this case indicating that . . . somebody was pointing at [Waste Management] on a theory of occupational injury.

768

. . . .

> And so the way I'm looking at this is rather simple, and that is that there's no room to amend the pleadings today. And if somebody wants to amend the pleadings and raise a new claim, it's too late. I don't remember that claim being pled, so I don't think there's any basis for me to be dealing with that kind of an issue. Am I wrong? You tell me.

Countryside Hides then stated that in its view the medical evidence did not support an occupational disease theory against Waste Management, and it agreed with the ALJ's statement of the issues.

¶ 5. The ALJ rendered a decision in May 2006. He found cumulative trauma from Bowe's work at Chippewa Falls Rendering and Countryside Hides caused an occupational back disease as of October 20, 2001, Bowe's last day of work at Countryside Hides, and Countryside Hides and its insurer were solely responsible for Bowe's damages. The ALJ found Bowe's subsequent work at Waste Management was "much less rigorous" than his work for Countryside Hides, and concluded it did not permanently aggravate Bowe's back condition.

¶ 6. Countryside Hides petitioned for review of the ALJ's decision, arguing there was insufficient evidence to support the ALJ's finding of an occupational disease. The Commission reversed the ALJ's decision in part, finding Bowe's occupational back disease did not begin until June 3, 2002, while Bowe was working for Waste Management. The Commission held Waste Management was solely responsible for Bowe's damages.

¶ 7. Waste Management appealed the Commission's decision to the circuit court. It argued, among other things, that the Commission violated its due

process rights by awarding damages on an occupational disease theory. The circuit court affirmed the Commission's decision.

## DISCUSSION

¶ 8.    When reviewing an administrative agency decision, we review the agency decision itself, not the decision of the circuit court. *Stoughton Trailers, Inc. v. LIRC*, 2007 WI 105, ¶ 26, 303 Wis. 2d 514, 735 N.W.2d 477. On review, we will set aside the agency decision only on the following grounds:

> 1. That the commission acted without or in excess of its powers.
>
> 2. That the order or award was procured by fraud.
>
> 3. That the findings of fact by the commission do not support the order or award.

WIS. STAT. § 102.23(1)(e).[3] Whether the Commission acted in excess of its statutory powers is a question of law reviewed without deference to the agency. *Wright v. LIRC*, 210 Wis. 2d 289, 293, 565 N.W.2d 221 (Ct. App. 1997). Similarly, whether a party in an administrative proceeding has been denied due process is a question of law reviewed without deference. *Id.* at 296.

¶ 9.    By statute, all parties to a worker's compensation claim are entitled to a "full, fair, public hearing." WIS. STAT. § 102.18(1)(a). This requirement means a party is entitled to:

---

[3] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

> (1) The right to seasonably know the charges or claims proferred; (2) the right to meet such charges or claims by competent evidence; and (3) the right to be heard by counsel upon the probative force of the evidence adduced by both sides and upon the law applicable thereto.

*Theodore Fleisner, Inc. v . DILHR*, 65 Wis. 2d 317, 326, 222 N.W.2d 600 (1974) (citations and quotations omitted). Denial of a "fair hearing" is a due process violation as well as a violation of § 102.18. *Theodore Fleisner*, 65 Wis. 2d at 326.

¶ 10.   In this case, Waste Management was not afforded two of the three components of a fair hearing. All of the parties at the hearing stipulated the only claim to be litigated against Waste Management was a claim for accidental injury. An accidental injury claim is distinctly different from a claim alleging an occupational disease:

> An industrial injury or accident is an event, fixed as to time and place. There may be dispute as to the fact of such injury, place of injury, extent of injury or consequences of injury. But the focus is on a particular occurrence at a certain place and definite time.

> An occupational disease is a process, usually extending over a considerable span of time. It has a beginning, relevant on the issue of causation. It has a progression but this can vary in individual cases. There can be a steady deterioration, swift or slow but uninterrupted. There can be improvement and relapse. There can be recovery and re-occurrence. There can be recovery, period. On a claim for benefits for permanent disability, most important is the question, When did the occupational disease ripen into a disabling affliction?

*Kohler Co. v. DILHR*, 42 Wis. 2d 396, 400, 167 N.W.2d 431 (1969).

¶ 11.   Because the parties explicitly stated the only claim against Waste Management was for accidental injury, Waste Management could not "know the charges or claims" against it included an occupational disease claim. *See Theodore Fleisner*, 65 Wis. 2d at 326. It also never had an opportunity to be heard on "the probative force of the evidence adduced by both sides" as applied to the occupational disease claim, or on the law applicable to the occupational disease claim, either during the hearing or in its brief to the Commission. *See id.* Under those circumstances, Waste Management was denied both due process and a "fair hearing" under Wis. Stat. § 102.18(1)(a). *See Theodore Fleisner*, 65 Wis. 2d at 326.

¶ 12.   In this respect, Waste Management's position is comparable to that of the aggrieved parties in *Wright* and *Joseph Schlitz Brewing Co. v. DILHR*, 67 Wis. 2d 185, 226 N.W.2d 492 (1975). In *Wright*, the worker applied for temporary disability and medical expenses. *Wright*, 210 Wis. 2d at 292. The ALJ awarded both, and the Commission affirmed that part of the award. *Id.* However, the Commission also went on to rule Wright was not entitled to permanent disability. *Id.* This part of its decision was contrary to Wright's due process right to "notice as to what issues would be tried and a hearing on such issues." *Id.* at 296.

¶ 13.   Similarly, in *Joseph Schlitz Brewing Co.*, the hearing was a dispute over whether the employee had died "due to exposure to lethal concentrations of carbon dioxide gas at work, rather than to a pre-existing, underlying coronary arterial disease." *Joseph Schlitz Brewing Co .*, 67 Wis. 2d at 189–90. The Commission's predecessor agency concluded the employee had died because of "an aggravation of a pre-existing cardiac condition by inhalation of carbon dioxide." *Id.* The

supreme court reversed the agency decision, holding the agency lacked statutory authority to "substitute an entirely different basis for liability than the one on which the examiner ruled."[4] *Id.* at 193.

■

¶ 14.   Countryside Hides argues no due process violation exists because Waste Management had "knowledge of all necessary facts that could lead to a finding of an occupational disease," full access to the medical reports that formed the basis of the Commission's decision, and "the opportunity to challenge the probative force of any other evidence in the record." The Commission makes a similar argument, noting that "it is hard to imagine other evidence that Waste Management could have attempted to offer but did not."[5] However, as noted above, the right to meet "charges or claims by competent evidence" is only one of three components of Waste Management's due process

[4] The court in *Joseph Schlitz Brewing Co.* based its holding on WIS. STAT. § 102.18(3) (1971), which limits the actions the Commission may take on review, not on the fair hearing guarantee in § 102.18(1)(a) or due process. *Joseph Schlitz Brewing Co. v. DILHR,* 67 Wis. 2d 185, 192, 226 N.W.2d 492 (1975). For that reason, *Joseph Schlitz Brewing Co.* is probably best understood as providing an alternate basis for our holding, not as an additional case applying § 102.18(1)(a). In any event, *Joseph Schlitz Brewing Co.* provides further support for the proposition that the Commission lacks statutory authority to rely on a liability theory "not tried by the parties or ruled on by the examiner." *Joseph Schlitz Brewing Co.,* 67 Wis. 2d at 193.

[5] The Commission also argues the occupational disease theory was before the Commission because the real issue at the hearing was "what effect the June 3, 2002 injury had on Bowe's back condition." The Commission does not attempt to explain how this argument is consistent with the specific stipulation the parties entered at the beginning of the hearing, and we see no way to reconcile the two.

rights. *See Theodore Fleisner*, 65 Wis. 2d at 326. Knowing facts that might give rise to a claim is not equivalent to knowing "the charges or claims" to be litigated or having the opportunity to be heard on "the probative force of the evidence" relevant to that claim. *See id.*

¶ 15.   The Commission also argues its decision was based on its duty to protect the rights of injured workers "irrespective of the presentation of the case by attorneys." *See Nystrom v. Industrial Comm 'n*, 196 Wis. 406, 409, 220 N.W. 188 (1928). However, the Commission could have done so without running afoul of Waste Management's due process rights. WISCONSIN STAT. § 102.18(3) allows the Commission to return a case to the ALJ and "direct the taking of additional evidence."[6] If the Commission concluded a decision on the occupational disease theory was necessary, remanding the case to the ALJ to hold a hearing on that theory would have been consistent with both its duty to protect workers and Waste Management's due process rights. On remand, the circuit court shall reverse the Commission's decision and remand the case to the Commission for further proceedings consistent with Waste Management's due process rights and WIS. STAT. §§ 102.18(1)(a) and (3).

*By the Court.*—Order reversed and cause remanded with directions.

---

[6] The Commission also has similar authority on remand under WIS. STAT. § 102.18(4)(c). *See Joseph Schlitz Brewing Co.*, 67 Wis. 2d at 194–95 (interpreting similar language in former WIS. STAT. § 102.18(4)(b)).